Baker *v.* Baker.

case was the amount of so much of the purchase money and interest, as was paid for that part of the land which the plaintiff could not hold ; it would be found, by deducting the interest from each verdict, that the jury in that court had computed the principal sum much higher than in this ; and that as the proportional value of the land lost was in reality the subject of dispute, the defendant had in effect succeeded in reducing the damages, within the true intent of the statute.   *Kavanagh & al. v. Askins* 2 *Greenl.* 397.

*Fessenden* and *Eveleth* for the plaintiff.

BAKER *vs.* BAKER.

Dower may be demanded and assigned by parol.   And authority to demand dower for another may be given in like manner.   It is not necessary that it should be demanded on the land.

An authority to demand dower, implies also the power to assent to, or receive, the assignment of it.

THIS action, which was a writ of dower, came before the court upon a case stated by the parties, in which the principal question was upon the sufficiency of the demand of dower.

It appeared that the plaintiff having verbally requested a counsellor of this court to demand her dower in the premises, and to

take all due measures to obtain it, he addressed to the defendant a letter, in the following terms ;—" *Lydia Baker*, widow of *Jo-* " *siah Baker*, late of *Westbrook*, deceased, demands of you her " dower in the land you purchased of said *Josiah*, and you are "hereby required to set off her just third part of said land." This letter was delivered by him to a deputy sheriff with a request that he would demand the dower, and leave a copy of the letter with the tenant ; which he did, with the previous concurrence of the widow ; making the demand at the dwelling house of the tenant, which stood near, but not upon, the premises. The tenant made no objection to the authority by which the demand was made, but denied her right to dower in the premises, alleging that he bought the land before her marriage.

*Hopkins*, for the demandant. In all the books no other points are laid down in the action of dower, than the marriage, seisin, and death of the husband. These points are admitted in the statement of facts in the case at bar, the only question being upon the notice. This, at common law, was not necessary ; and the action of dower still lies at common law, notwithstanding the statute. It was the duty of the heir to assign the dower ; but if the dowress permitted him to use it, inasmuch as he was in by right, as his inheritance, she had no remedy for the issues and profits and she could not recover them by writ of dower, unless she made a demand ; prior to which no damages were estimated. An opinion has indeed prevailed, though without authority to support it, that a demand is necessary, one month prior to the commencement of the suit ; but wherever it has prevailed, it appears very clearly to be founded only on the supposition that damages for the detention of dower are taken into consideration ; and upon any other ground it cannot be supported, either by the common law, or by statute. *Co. Lit. 32 b.*

It is said in *Stearns on Real Actions, app. No.* 75 *note*, that a demand need not be averred in the count, though it must be proved. But this can be necessary only to obtain damages. For if it were essential to the action, it would be as necessary to aver the demand, as to set forth the marriage, seisin and death of the husband.

Baker *v.* Baker.

The object of *Stat.* 1783, *ch.* 40 was evidently to provide a remedy in damages for the detention of dower, beyond one month after demand made. It does not take away the common law remedy. At common law dower might be recovered without demand ; and also damages, if the dower had been demanded. To save damages, the tenant should assign dower in a reasonable time, according to circumstances. The statute fixes this time to one month ; which is the only change it has made in the common law.

The demand in this case was sufficient, both as to the agent by whom, and the place where it was made. Even a stranger, by order of the disseisee, may make an effectual entry to revest a possession ;—*Stearns on Real Actions, p.* 19, 25, 43, 45, 46 ;— And if so, *a fortiori* to make demand of dower. And the demand being made at the house of the tenant, and within view of the land, is as good as if made on the land itself.

But if the manner or circumstances of the demand were originally open to exception, this has been waived by the tenant himself ; whose objection went solely to the right of the demandant to any dower in the premises, in whatever form she might demand it. The ground of his refusal to assign dower, as it went to the substance of her title, rendered any regard to form wholly superfluous. This position, though without any case directly in point to support it, falls clearly within the principle adopted in other cases. *Paris v. Hiram* 12 *Mass.* 262. *Ayer v. Spring* 10 *Mass.* 83. *Embden v. Augusta* 10 *Mass.* 308. *York v. Penobscot* 2 *Greenl.* 1. 1 *Esp. Dig.* 300. *Mead v. Small* 2 *Greenl.* 207. The law seems to dispense with ceremonies in all cases where, from the condition of the parties concerned, they become wholly futile and unavailing.

*Frost,* for the tenant.

WESTON J. delivered the opinion of the court, as follows:

The demand, which the statute prescribed prior to the institution of an action for dower, is intended to give notice of the claim ; and that the party is desirous of enjoying it, as soon as it can be conveniently assigned. It is an act *in pais,* not required to be in writing, or to be done with any special formality or solemnity. It may be made either by the party in person ;

or by some one deputed to act in her behalf. The assignment of dower itself need not be by deed or other instrument in writing ; the widow holding not of the heir or other tenant of whom she may demand it, but of her deceased husband, or by appointment of law. *Conant v. Little* 1 *Pick.* 189. The demand only ascertains the period from thirty days after which her right to damages accrues, if her dower is withheld. There seems to be no good reason therefore why the agency of the person deputed to make the demand may not be created by parol ; as in a great variety of other cases, where the agent is thus sufficiently empowered to enter into contract, and to do many other acts, which bind his principal. This parol authority may be given directly by the principal to the agent, or communicated through the instrumentality of others. In the present case the plaintiff employed an attorney to take the proper steps to assert her right to dower. As a measure preliminary to the commencement of an action, the attorney by letter demanded her dower, in behalf of his principal. This letter he forwarded by the hands of another who, before he delivered it, had the express authority of the principal, recognizing and sanctioning the course pursued.

But it is contended that the demand is insufficient, because the person sent to make it by delivering the letter, was not authorized to receive the assignment. After demand made, if the party whose duty it is to assign dower, proceed to do it and assign it fairly, to the extent of the dowager's right, he will have a good and legal defence against any further claim. If the demand is made by the widow in person, and the party in possession is disposed then to make the assignment, he can proceed to do so as soon as it can conveniently be done. If made through the intervention of another, and he is thus disposed, authority to demand may imply an authority to assent to, or receive that which is demanded ; or notice to the agent that he will then proceed may be deemed notice to the principal; and if she desire to be present she may receive notice in fact from her agent. If the party prefer to make the assignment at some other time, within the thirty days allowed, he should give reasonable notice to her of the time when he proposes to make it.

Baker *v.* Baker.

It is agreed in the present case, that the tenant made no objection to the authority of the agent, and that he refused to set off the demandant's dower ; denying altogether her right to be endowed of the land in question. The point therefore now made by the tenant, that the agent or messenger employed was not authorized to receive dower, does not seem to be entitled to much favor.

As to the demand being made upon the land, the statute does not require it; nor has any authority been adduced, in which it has been deemed necessary. It has been supposed to be analogous to those cases where, in order to be entitled to enter for condition broken for nonpayment of rent, it must on the day be demanded on the land. Great strictness was there required, because the estate was thereby defeated. In such cases, the rent was to be paid on the day when demanded. If in the assignment of dower, the law required that it should be done when demanded, or on the day of demand, there might be a propriety in holding that the demand should be made upon the land ; otherwise, if demanded at a distance from the land, the party might not be able to assign dower, on the day of demand, although, he might be desirous of doing it. But the law allowing thirty days, within which to perform the duty, after notice and demand of the claim, ample time is afforded to make the assignment, without the necessity of a demand upon the land.

It appears to us that the land, in which dower was demanded, was, at the time of the demand, described with sufficient certainty. The tenant readily understood what was intended to be communicated.

The demandant having, in the opinion of the court, a right by law to maintain this action, according to the agreement of the parties, the tenant is to be defaulted.